## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**BILLY RAY HART**                                                          **PLAINTIFF**

**V.**                                    **No. 3:24-CV-00022-ERE**

**MARTIN O'MALLEY,**
**Commissioner of Social Security**                          **DEFENDANT**

### ORDER[1]

Plaintiff Billy Ray Hart appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

### I.    Background

On April 5, 2021, Mr. Billy Ray Hart protectively filed an application for benefits due to a learning disability, illiteracy, poor memory, a bad knee, and depression. *Tr. 10, 222.*

Mr. Hart's claim was denied initially and upon reconsideration. At Mr. Hart's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on October 4, 2022, where Mr. Hart appeared with his lawyer, and the ALJ heard testimony from Mr. Hart and a vocational expert ("VE"). *Tr. 39-64.* The ALJ issued a decision on February 16, 2023, finding that Mr. Hart was not disabled. *Tr.*

---

[1]The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

1

*7-30.* The Appeals Council denied Mr. Hart's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Mr. Hart, who was fifty years old at the time of the hearing, completed tenth grade and has past relevant work experience as an apartment maintenance man. *Tr. 44, 58.*

## II.    The ALJ's Decision[2]

The ALJ found that Mr. Hart had not engaged in substantial gainful activity since December 1, 2018, the alleged onset date. *Tr. 12.* The ALJ also concluded that Mr. Hart had the following severe impairments: major depressive disorder, borderline intellectual functioning, generalized anxiety disorder, obesity, and remote right knee anterior cruciate ligament reconstruction. *Id.* However, the ALJ concluded that Mr. Hart did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 13.*

According to the ALJ, Mr. Hart had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional climbing of ramps, stairs, ladders, ropes, or scaffolds; (2) occasional kneeling, crouching,

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

and crawling; (3) no right lower extremity foot-control-operation duties; (4) only simple, but not complex, instructions for work that requires no more than occasional changes to the workplace setting; and (5) no more than occasional interaction with the general public. *Tr. 17.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy, including poultry dresser and poultry killer. *Tr. 25, 60-61.* Accordingly, the ALJ determined that Mr. Hart was not disabled.

## III. Discussion

### A.    Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however,

"merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.   Mr. Hart's Arguments for Reversal.

Mr. Hart contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred by: (1) finding an RFC that is not supported by the record; and (2) presenting hypotheticals that did not account for all of Mr. Hart's limitations. *Doc. 7 at 23, 27.* After carefully reviewing the record as a whole, the undersigned affirms the Commissioner.

### C.   Analysis

#### 1.   The RFC Finding is Supported by the Record as a Whole.

Mr. Hart contends that the ALJ's RFC finding is not supported by the record. *Doc. 7 at 23.* Specifically, Mr. Hart points out that light work requires him to be able to stand and walk for long periods of time, but he has had knee problems since, at least, 2014. *Id.* Yet, ten months after his ACL surgery he complained about only climbing and squatting without a brace; but he, reportedly, "did great in his brace." *Tr. 336.* The ALJ properly noted that Mr. Hart consistently had "normal gait, no swelling in his right knee, and no other significant musculoskeletal or physical abnormalities or complaints and his symptoms appear to have resolved with conservative treatment." *Tr. 19, 23.*

Also rebutting the severity of his alleged inability to perform the walking required for light work, Mr. Hart was "not interested in formal therapy" and "not interested in an injection for his inflammation . . . ." *Tr. 337.* Rather, he chose only home exercises and a steroid pack. Additionally, although he repeatedly has complained of knee pain over the years, it has been conservatively treated with ibuprofen, Voltaren gel, and Biofreeze, and he has not required an assistive device for mobility. *Tr. 13, 19-23, 401, 417, 421, 424, 426, 484.* On June 28, 2022, Mr. Hart reported that his right knee pain is worse on his more active days but "refus[ed] any medications for pain relief." *Tr. 484.* Mr. Hart's conservative treatment is inconsistent with disabling knee pain. *Swarthout v. Kijakazi*, 35 F.4th 608, 612 (8th Cir. 2022) ("The ALJ also properly cited Swarthout's conservative treatment plan and resistance to treatment as factors that undermined her claim of severe disabling conditions.").

Mr. Hart bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of his limitations." *Id.* "[T]here is no requirement that an RFC finding

5

be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

The ALJ also considered Mr. Hart's activities of daily living, noting that he "prepares simple meals, drives, shops in stores, counts change, helps care for his dog, lives and socializes with his wife, attends appointments, and attends to his personal needs and grooming without assistance or special reminders." *Tr. 15*. Additionally, in mid-2022 he went to the casino with his wife without issue and planned to take a road trip to Alabama. *Tr. 467, 470*. "Because [Mr. Hart] could undertake activities inside and outside of [his] house, drive, and interact with other people, it was not unreasonable for the ALJ to discount [his] credibility as to [his] reports of the severity of [his] symptoms." *Adamczyk v. Saul*, 817 F. App'x 287, 291 (8th Cir. 2020)

Mr. Hart also argues that the ALJ failed to account for his memory problems. *Doc. 7 at 26*. However, the ALJ noted that Mr. Hart's "memory was intact, and his . . . examiners frequently did not note any significant cognitive abnormalities, confusion, or forgetfulness during their examinations." Although there is some evidence of "[m]ild cognitive impairment with memory loss," the ALJ's finding is consistent with the medical records, which often reported normal memory. *Tr. 417, 419, 421, 441, 452, 478, 482, 486, 488*.

The RFC finding reflected those limitations which the ALJ found to be credible, and it is supported by the medical evidence as a whole.

### 2.    Hypothetical Questions

Mr. Hart argues that the ALJ's hypothetical questions did not account for his borderline intelligence, specifically his illiteracy, or his moderately limited ability to maintain concentration, persistence, and pace. *Doc. 9 at 27, 34-35*.

The ALJ limited Mr. Hart to only simple, but not complex, instructions for work that requires no more than occasional changes to the workplace setting and no more than occasional interaction with the general public.

An ALJ's RFC and hypothetical only needs to include all credible limitations the ALJ finds are established by the evidence. *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011). The non-exertional limitations clearly account for Mr. Hart's borderline intelligence and illiteracy, and these limitations would not have a practical effect on his ability to perform the jobs of poultry dresser and poultry cleaner. The ALJ noted that although Mr. Hart claimed to be illiterate and have memory problems, his examinations "did not note any significant cognitive abnormalities, confusion, or forgetfulness . . ." and they did not limit his activities of daily living. *Tr. 14*. In fact, at the hearing, Mr. Hart's lawyer described him as being able to read and write at a second-grade level. *Tr. 43*. Additionally, if Mr. Hart's attorney believed that the hypotheticals contained insufficient non-

7

exertional limitations, he could have raised the issue in follow-up questioning, but he did not. Instead, he focused on whether the jobs would continue to exist if someone got a hand cramp after twenty minutes or suffered from a swelling knee. *Tr. 62*.

The hypothetical reflected the limitations which the ALJ found to be credible and was supported by the medical evidence as a whole.

## IV.   Conclusion

The ALJ applied proper legal standards in evaluating Mr. Hart's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 5 June 2024.


_____
UNITED STATES MAGISTRATE JUDGE

8